IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-00902-PRW |
| | ) |
| ELEPHANT TALK NORTH AMERICA | ) |
| CORPORATION, and ELEPHANT TALK | ) |
| COMMUNICATIONS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Stephen Brown's Application for Attorney Fees and Costs (Dkt. 109) and the Defendants' Response in Opposition (Dkt. 113). The motion contains records of billable hours and an hourly-wage estimate for Mr. Brown's attorney—John M. Gibson—of approximately $100,000. However, Mr. Brown and Mr. Gibson also had a contingency-fee agreement under which Mr. Gibson was to receive 33% of "any and all" sums recovered at trial. Based on this contingency-fee agreement, Mr. Brown and Mr. Gibson request $431,245.69 in attorney fees and $3,944.90 in costs. For the reasons below, the Application (Dkt. 109) is **GRANTED IN PART** and **DENIED IN PART**.

### *Discussion*

*Attorney Fees*

Oklahoma follows the "American Rule" of attorney fees, so courts are "without authority to award attorney fees in the absence of a specific statute or contractual provision

allowing the recovery of such fees."[1] As relevant here, Title 12, § 936(A) of the Oklahoma Statutes provides for the recovery of reasonable attorney fees for actions arising out of contractual disputes. Section 936(A) reads, in pertinent part, as follows:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

This statute is a "mandatory" rule for awarding attorney fees to the prevailing party.[2] Yet determining the "reasonableness and the amount of the fee award" is left to the "sound discretion of the district court."[3]

The Court is thus confronted with this question: can a prevailing party recover attorney fees under Section 936(A) when his attorney has already been fully compensated by a contingency-fee agreement, and if so, what would be a reasonable attorney fee award for such a situation?

Neither party identified—and the Court has not found—applicable authority where Oklahoma courts specifically addressed the interaction between Section 936(A) statutory fees and contingency-fee agreements. However, the Oklahoma Supreme Court and the

---

[1] *Barnes v. Okla. Farm Bureau Mut. Ins. Co.*, 11 P.3d 162, 179 (Okla. 2000).

[2] *Arkla Energy Resources v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 865 (10th Cir. 1993) (citing *Ellis v. Lebowitz*, 799 P.2d 620, 621 (Okla.1990)).

[3] *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 773 (10th Cir. 1999) (deciding a question of attorney fees under Title 12, Section 936(A)) (citing *Harris Mkt. Research v. Marshall Mktg. & Communications, Inc.*, 948 F.2d 1518, 1527 (10th Cir. 1991).

Oklahoma Bar Association have recognized some broader principles about recovering statutory attorney fees that interact with contingency-fee agreements. These principles guide the Court's determination of what constitutes a reasonable fee in this case.

To begin, Oklahoma Supreme Court has held that "[s]tatutory awards can coexist with private fee arrangements."[4] However, "that does not mean an attorney should therefore be *entitled* to receive the payment of [statutory] attorney fees . . . in addition to the other fees to be received under a contingency fee agreement."[5] In *State ex rel. Oklahoma Bar Association v. Weeks*, the Oklahoma Supreme Court noted that when an attorney's award under a contingency-fee agreement would be "less than a reasonable fee calculated" by a court, "the defendant should nevertheless be required to pay the higher amount [the calculated reasonable attorney fee]."[6] But a defendant should not be "required to pay the amount called for in a contingent-fee contract if it is more than a reasonable fee calculated in the usual way."[7] This approach ensures that the attorneys for prevailing parties are guaranteed reasonable compensation, but not windfalls.[8]

---

[4] *State ex rel. Okla. Bar Ass'n v. Weeks*, 969 P.2d 347, 354 (Okla. 1998) (citing *Venegas v. Mitchell*, 495 U.S. 82 (1990)).

[5] Oklahoma Bar Association Legal Ethics Opinion No. 324, 2009 WL 806565, at *2 (2009) (emphasis added).

[6] *Weeks*, 969 P.2d at 355 (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 92 (1989)).

[7] *Id.*

[8] *See id.* at 356.

Case 5:18-cv-00902-PRW   Document 125   Filed 05/13/22   Page 4 of 8

Furthermore, in *Weeks*, the Oklahoma Supreme Court also acknowledged that the right to collect statutory attorney fees belongs to the prevailing party, not his attorney.[9] The Oklahoma Supreme Court then quoted approvingly the American Law Reports for the proposition that when an award under a contingency-fee agreement exceeds the amount of a reasonable statutory fee award, the statutory "award is to be credited against the amount owed to the attorney under the contract."[10]

Thus, under these principles, it appears when a prevailing party with a contingency-fee agreement seeks statutory attorney fees, the prevailing party's attorney is entitled to receive the greater of either (1) the reasonable compensation for the attorney's time and effort or (2) the amount due under the contractual contingency-fee agreement. An attorney is not entitled to statutory attorney fees when there is also a contingency-fee agreement under which he receives an amount equal to or greater than the reasonable attorney fees. However, in such a situation, the plaintiff can still recover the statutory attorney fees, since such fees "belong[] to the client for the purpose of offsetting the contractual contingent fee."[11] This framework was implemented by the United States Supreme Court in *Venegas* and embraced by the Oklahoma Bar Association in Legal Ethics Opinion No. 325.

In this case, the value of reasonable compensation for Mr. Gibson's time and effort is somewhere around $100,000. But Mr. Gibson is already due to receive $431,245.69

---

[9] *See id.* at 354 (citing *Evans v. Jeff D.*, 475 U.S. 717, 727 (1986)).

[10] *Id.* at 356 (quoting *Effect of Contingent Fee Contract on Fee Award Authorized by Federal Statute*, 76 AM. L. R. FED. 347, 352 (1986)).

[11] Oklahoma Bar Association Legal Ethics Opinion No. 325, 2009 WL 806566, at *3 (2009).

4

under the terms of the contractual contingency-fee agreement. Accordingly, the Court finds that Mr. Gibson has already been beyond compensated for the reasonable value of his work and is not entitled to the award of any additional statutory fees. However, Mr. Brown is nonetheless entitled to receive the value of reasonable attorney fees to offset the amount he owes to Mr. Gibson under the contract. Therefore, the Court must calculate the exact value of reasonable compensation for Mr. Gibson's time and effort.[12]

Under Oklahoma law, the correct method for determining a reasonable attorney fee is to calculate the "lodestar"— the number of hours reasonably expended multiplied by a reasonable hourly rate[13]—and then to enhance or reduce the fee by consideration of the factors in *State ex rel. Burke v. City of Oklahoma City*.[14]

Mr. Gibson billed at a rate of $250 per hour for normal time expended and $275 per hour for in-court appearances and proceedings. The Defendants do not contest the

---

[12] Mr. Brown is not entitled to his requested attorney fee award of $431,245.69. A statutory award of attorney fees is for the "reasonable compensation, in light of all of the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, *no more and no less*." *Weeks*, 969 P.2d at 355 (quoting *Blanchard*, 489 U.S. at 92) (emphasis added). Mr. Brown cannot recover more than reasonable compensation to offset his contractual debt to Mr. Gibson merely because the contingency-fee agreement resulted in Mr. Gibson receiving more than reasonable compensation for his time and effort.

[13] *Atwood v. Atwood*, 25 P.3d 936, 950 n.21 (Okla. Civ. App. 2001) (citing *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 660–61 (Okla. 1979)).

[14] *Burke*, 598 P.2d at 661 (requiring consideration of the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards made in similar cases).

reasonableness of this hourly rate. Mr. Gibson submitted time records indicating he expended 347.25 hours in pretrial preparation, 49.05 hours in trial appearances and other proceedings, and 69.80 hours in post-trial motion responses. This would result in a lodestar sum of $117,756.25.

However, a party moving for an award of attorney fees bears the burden of proving that the time records for the case are accurate, reasonably incurred, and necessary.[15] The Defendants objected to several entries. First, the time records include 29.15 hours of "filing," "file maintenance," and "printing"—however, these are "secretarial functions" that are not recoverable under Section 936(A).[16] Second, the time records include 9.1 hours of "discovery" on June 10–14, 2021—however, under the last scheduling order entered by the Court (Dkt. 26), the discovery period ended on July 30, 2020.  Third, the time records contain three duplicative entries that appear to double-bill 12.85 hours.[17] After the Defendants identified these issues, Mr. Gibson did not reply or attempt to explain the irregularities. Therefore, the Court finds that Mr. Gibson has not carried his burden of proof for these contested hours and the lodestar total must be reduced by $12,775.00.

---

[15] *See In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144 (10th Cir. 2009); *see also Oliver's Sport Center v. Nat'l Standard Ins. Co.*, 615 P.2d 291, 295 (Okla. 1980).

[16] *See Okla. Nat. Gas Co. v. Apache Corp.*, 355 F. Supp. 1246, 1257 (N.D. Okla. Dec. 9, 2004). The Court cites nonbinding authority for its persuasive value and here adopts the reasonable of the district court.

[17] Occurring on July 8, 2020; July 9, 2020; and August 18, 2020.

This results in a new lodestar total of $104,981.25.[18] Having calculated the lodestar, the Court considers all factors identified in *Burke* and concludes that there are no factors present that would make it proper to either enhance or reduce the fee. Therefore, the reasonable attorney fee authorized by Section 936(A) for this case is $104,981.25, which shall be awarded to Mr. Brown as an offset to the $431,245.69 that he owes Mr. Gibson under the contingency-fee agreement.

*Costs*

Separately, the motion filed by Mr. Brown and Mr. Gibson requested $3,944.90 in reimbursement for the costs that arose in the prosecution of Mr. Brown's claims. Unlike attorney fees in diversity actions, costs in diversity actions are controlled by federal rule—Rule 54(d) of the Federal Rules of Civil Procedure. And the costs that are recoverable under Rule 54(d) are limited to the categories of costs identified in 28 U.S.C. § 1920.[19] The

---

[18] The Defendants also argued—without citing authority—that the attorney fees should be partially reduced by 60% since Mr. Brown dismissed six of his original ten claims. However, the Court finds this proposed reduction unreasonable in light of the Oklahoma Supreme Court's guidance that statutory attorney fees are designed to ensure that "private parties [can] obtain legal help in seeking redress for injuries" by "attract[ing] reasonably competent counsel" through the "statutory assurance that he will be paid a 'reasonable fee'" for his time and effort. *Weeks*, 969 P.2d. at 354 (first quoting *Blum v. Stenson*, 465 U.S. 886, 896 (1984), second quoting *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). Additionally, the Defendants objected to two non-trial entries that bill at $275.00, but the Court finds that these two entries are for Mr. Gibson's time spent taking depositions and therefore within his set hourly rate of $275.00 for "proceedings."

[19] *See Stender v. Archstone-Smith Operating Trust*, 958 F.3d 938, 941–42 (10th Cir. 2020); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) ("§ 1920 defines the term 'costs' as used in Rule 54(d).").

largest cost Mr. Gibson requests reimbursement for is not permitted under this statute.[20] And many of the other costs have not been well demonstrated since Mr. Gibson took no depositions, admitted no exhibits or transcripts at trial, and presented no receipts to support any of the claimed costs.[21] Therefore, the Court awards only the costs to reimburse the filing fee and process fee: $319.60. The Court again finds that, as Mr. Gibson will be fully compensated by his award under the contingency-fee agreement, the $319.60 will also go to Mr. Brown to offset his debt to Mr. Gibson.

## *Conclusion*

Pursuant to Title 12, § 936(A) of the Oklahoma Statutes, the Court awards $104,981.25 to Mr. Brown. Pursuant to Rule 54(d) and 28 U.S.C. § 1920, the Court awards $319.60 to Mr. Brown. The Court finds this total of $104,981.25 to be a reasonable attorney fee and reimbursement of costs to which Mr. Brown is entitled, considering the preexisting contingency-fee agreement under which Mr. Gibson has been fully compensated for his time and effort in this case. Accordingly, the Application for Attorney Fees and Costs (Dkt. 109) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED** this 13th day of May 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[20] $1,470.00 for "[s]canning of documents." Mot. (Dkt. 109), at 4.

[21] $923.00 for "[d]eposition fees," $783.40 for "copies and exhibit preparation," $119.90 for "binders and supplies," and $329.00 for "transcripts." *Id.*